Filed 4/2/14  P. v. Maldonado CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE RICHARD MALDONADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B243450<br>(Super. Ct. No. 2010018469)<br>(Ventura County) |

Joe Richard Maldonado appeals from a judgment after conviction by jury of numerous sex offenses committed upon six adolescent males:  oral copulation of an unconscious person (count 1 [Erik G.], Pen. Code, § 288a, subd. (f)(1)[1]; oral copulation of a person under 18 (counts 2 [Erik G.], 32 [Michael R.], 33 [Michael R.], 34 [Michael R.], 35 [Michael R.], § 288a, subd. (b)(1)); luring (count 3 [Erik G.], § 288.4, subd. (b)); lewd act on a child (counts 4 [Vincent B.], 5 [Vincent B.], 6 [Vincent B.], 37 [Chris B.], 38 [Chris B.], § 288, subd. (a)); sodomy of a person under 16 (counts 7 [Vincent B.], 8 [Vincent B.], 11 [Vincent B.], 26 [Michael R.], 28 [Michael R.], § 286, subd. (b)(2)); anal penetration by a foreign object (counts 9 [Vincent B.], 10 [Vincent B.], § 289, subd. (h)); oral copulation of a person under 16 (counts 12 [Vincent B.], 13 [Vincent B.], 14 [Vincent B.], 15 [Vincent B.], 16 [Salvador M.], 20

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[Salvador M.], 21 [Salvador M.], 22 [Salvador M.], 27 [Michael R.], 31 [Michael R.], 39 [Chris B.], 40 [Chris B.], 41 [Chris B.], 43 [Chris B.], § 288a, subd. (b)(2)); attempted sodomy of a person under 16 (counts 17 [Salvador M.], 23 [Salvador M.], §§ 286, subd. (b)(2), 664); luring (counts 18 [Salvador M.], 24 [Chad D.], 25 [Michael R.], 36 [Chris B.], § 288.3, subd. (a)); lewd act on a child (count 19 [Salvador M.], 42 [Chris B.], § 288, subd. (c)(1)); and sodomy of a person under 18 (counts 29 [Michael R.], 30 [Michael R.], § 286, subd. (b)(1)).  On counts for lewd acts on a child (counts 4, 5, 6, 37, and 38 [Vincent B. and Chris B.], § 288, subd. (a)), the jury found that Maldonado had substantial sexual contact with a victim under the age of 14 (§ 1203.066, subd. (a)(8)) and had committed crimes against multiple victims (§ 667.61, subd. (b) & (e)(4)).  The trial court sentenced Maldonado to a cumulative determinate term of 29 years in state prison and an indeterminate term of 75 years to life.

Maldonado contends that the trial court abused its discretion when it admitted evidence of other sexual offenses found on his computers and other devices and that the impact of this evidence prevented the jury from considering that Vincent B. and Chris B. may not have been under the age of 14 when Maldonado committed lewd acts upon them.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When Maldonado was 26 and 27 years old, he engaged in sexual conduct with adolescent family friends, often in exchange for money or gifts.  A pretextual call led to Maldonado's arrest after a victim reported him to law enforcement officials.

In a police interview, Maldonado admitted most of the charged conduct, but said that these were incidents of "joking" and "daring" and that he was not interested in doing things that were "gay."  Each of his victims testified against him at trial.  Vincent B. and Chris B. testified that they were under the age of 14 years when Maldonado committed lewd acts upon them, but there were some inconsistencies in their statements concerning the dates of these acts.

2

A forensic examination of the computers and devices in Maldonado's bedroom disclosed photographs and video footage of nude or partially nude males who appeared to be adolescent. Maldonado had a Yahoo e-mail account with the name "Fernandez Christina" that he used to access social networking sites, representing himself to be a 15-year-old female and exchanging sexual messages with people who identified themselves as 15- or 16-year-old males. Maldonado also accessed adult homosexual and heterosexual pornographic Web sites and stored adult pornography on his computer. Daniel R. testified that when he was under 18 he exchanged sexual messages with a person he thought was Christina Fernandez and exchanged nude photographs with her. These materials were found on Maldonado's computer.

The prosecution sought to introduce evidence of Maldonado's computer usage at trial. Maldonado objected on the ground that the probative value of the evidence would be outweighed by the undue consumption of time and that the testimony of six complaining witnesses "should render any additional proclivity evidence of homosexuality or sexual attraction to minor boys redundant." (Evid. Code, § 352.) The trial court admitted evidence of computer interactions and photographs of minor males pursuant to Evidence Code section 1108 and admitted evidence of adult pornography pursuant to Evidence Code section 1101, subdivision (b). It found that the evidence was probative on the issue of sexual intent and was not unduly prejudicial or cumulative.

DISCUSSION

The trial court did not abuse its discretion by admitting evidence seized from Maldonado's computers and devices.

Maldonado's computer activities included sending or exhibiting harmful material to minors in violation of section 288.2 and distributing or exhibiting obscene matter in violation of section 311.2. Evidence Code section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not

made inadmissible by [Evidence Code] Section 1101, if the evidence is not inadmissible pursuant to [Evidence Code] Section 352."

In exercising its discretion to admit evidence of a prior sexual offense, the trial judge must consider such factors as its nature, relevance, and possible remoteness; the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry; its similarity to the charged offense; its likely prejudicial impact on the jurors; the burden on the defendant in defending against the uncharged offense; and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense. (*People v. Loy* (2011) 52 Cal.4th 46, 61.) We review the trial court's ruling for abuse of discretion. (*Ibid.*)

Computer evidence demonstrated Maldonado's sexual interest in adolescent males and was relevant to prove his propensity to engage in sexual activity with minors and that he committed the charged offenses with sexual intent. Although Maldonado's counsel conceded that Maldonado was sexually interested in adolescent males, Maldonado pled not guilty to each charge and did not stipulate to sexual intent. Proof of sexual intent was not assured because Maldonado asserted that he was only joking or daring his victims and because some of his victims testified that they laughed during the incidents or that the sexual activity arose from dares. Maldonado's computer activity was not remote in time and it was certain. The evidence was not unduly inflammatory when compared with the graphic testimony of six young men about Maldonado's many acts of oral copulation, anal and digital penetration, and it did not consume an undue amount of time at trial.

The evidence of homosexual adult pornography on Maldonado's computer was admissible pursuant to Evidence Code section 1101 to prove sexual intent and to disprove Maldonado's assertion that he did not want to do "gay things." The evidence of heterosexual pornography corroborated testimony of Maldonado's victims that

4

Maldonado encouraged them to watch pornography on the computer in his bedroom while he masturbated them or engaged in oral sex upon them.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Brian J. Back, Judge

Superior Court County of Ventura

_____

Linda C. Rush, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Marc A. Kohm, Deputy Attorney General, for Plaintiff and Respondent.